IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE ARNOLD | ) | CASE NO. |
| c/o Christopher Wido, Esq. | ) | |
| The Spitz Law Firm, LLC | ) | JUDGE: |
| 25200 Chagrin Boulevard, Suite 200 | ) | |
| Beachwood, Ohio 44122 | ) | |
| | ) | |
|    On behalf of herself and all others | ) | |
|    similarly situated. | ) | |
| | ) | |
|         v. | ) | **COMPLAINT FOR** |
| | ) | **VIOLATIONS OF THE FAIR** |
| PREFERRED INSULATION, INC. | ) | **LABOR STANDARDS ACT** |
| 5015 Boneta Road | ) | |
| Medina, Ohio 44256 | ) | **Jury Demand Endorsed Herein** |
| | ) | |
|   **Serve also:** | ) | |
|   Michael R. Behun | ) | |
|   Statutory Agent | ) | |
|   324 Broad Street – Apt. C | ) | |
|   Wadsworth, Ohio 44281 | ) | |
| | ) | |
|   -and- | ) | |
| | ) | |
| MIKE BEHUN | ) | |
| c/o Preferred Insulation, Inc. | ) | |
| 5015 Boneta Road | ) | |
| Medina, Ohio 44256 | ) | |
| | ) | |
|             Defendants. | ) | |

Plaintiff Nicole Arnold brings this action against Defendants Preferred Insulation, Inc.

("Preferred Insulation"), and Mike Behun, seeking all available relief under the Fair Labor

Standards Act of 1983 ("FLSA"), 29 U.S.C. §§ 201 *et seq*., and the Ohio Minimum Fair Wage

Standards Act (the "Ohio Wage Law"), O.R.C. §§ 4111.15 *et seq*. Plaintiff's FLSA claims are

asserted as a collective action pursuant to 29 U.S.C. § 216(b), while the Ohio Wage Law claims

The Employee's Attorney.™



are asserted individually. The following allegations are based upon information and belief, or personal knowledge as to Plaintiff's own conduct and the conduct and acts of others.

## PARTIES AND VENUE

1. Arnold is an adult individual residing at 6190 Beachland Circle NW, city of Canton, county of Stark, state of Ohio. Arnold consents in writing to be a party to this collective action pursuant to 29 U.S.C. § 216(b).[1]

2. Preferred Insulation is a domestic corporation lawfully licensed to conduct business in the state of Ohio, which maintains an office located at 5015 Boneta Road, Medina, Ohio 44256.

3. During all times material to this Complaint, Preferred Insulation was an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D); an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r); and enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1).

4. Preferred Insulation is and, at all times hereinafter mentioned, was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s)(1)(A) of the Fair Labor Standards Act, in that said enterprise at all times hereinafter mentioned had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that enterprise had an annual gross volume of sales made or business done of not less than $500,000.

5. Behun is the CEO and/or principal of Preferred Insulation.

---

[1] See Exhibit A, attached hereto.

The Employee's Attorney.™



6. During all times material to this Complaint, Behun supervised and/or controlled Arnold and the putative class' employment with Preferred Insulation, acted directly or indirectly in the interest of Preferred Insulation in relation to its employees, controlled its day-to-day operations, including, but not limited to its pay and compensation policies, and was an employer within the meaning of section 3(d) of the FLSA. See *Mitchell v. Chapman*, 343 F.3d 811, 827-28 (6th Cir.2003).

7. During all times material to this Complaint, Arnold and the putative class members, as defined herein, were "employees" of Preferred Insulation within the meaning of 29 U.S.C. § 203(d) and O.R.C. § 4111.03(D).

8. The putative FLSA Class, pursuant to 29 U.S.C. § 216(b), is defined in paragraph 50 of the Complaint.

## JURISDICTION & VENUE

9. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Arnold is alleging Federal Law Claims under the FLSA, 29 U.S.C. § 216(b).

10. This Court has personal jurisdiction over Defendant because it was employed Arnold and those similarly situated, and because it is a corporation that is registered to conduct business in this District. Further, at all times material to the allegations contained herein, Defendant conducted substantial business in this District and had sufficient minimum contacts within this District.

11. Venue is proper in this forum pursuant to 28 U.S.C. § 1391, because it is the district court for the district, division, and counties within the Defendants operate and conduct business, and within which a substantial part of the events or omissions giving rise to the claim occurred.

### FACTS
### (Plaintiff Nicole Arnold)

12. Arnold is a former employee of Preferred Insulation.

The Employee's Attorney.™



13. Arnold was first hired by Preferred Insulation as an Installer in or around December of 2016.

14. Arnold resigned her employment with Preferred Insulation on October 23, 2017.

## COMMON ALLEGATIONS AS TO ARNOLD AND THE PUTATIVE CLASS

15. Preferred Insulation holds itself out as "the premier insulation installation company in Ohio today."

16. Preferred Insulations quotes, sells, and installs building insulation materials in and outside of Ohio.

17. Arnold and those similarly-situated are or were Installers for Defendants.

18. The primary job duties of Installers include loading and unloading supplies into vehicles owned by Defendants, travelling to work sites, installing insulation materials, and performing other task as required.

19. Arnold and those similarly situated were non-exempt from the minimum wage and overtime requirements of the FLSA and/or Ohio Wage Law.

20. At all times referenced herein, Defendants employs approximately five to fifteen Installers.

21. Upon information and belief, Defendants have misclassified a substantial number of their Installer as "independent contractors."

22. Arnold and those similarly-situated were generally required to report to Defendants' workshop at approximately 6:30 a.m.

23. Between 6:30 a.m. and 8:30 a.m., Arnold and those similarly situated were instructed by Defendants to wait for their daily assignments, gather materials, load the trucks, and prepare for the daily assignment ("Shop Work").

24. Shop Work constitutes "work" within the meaning of the FLSA and the Ohio Wage Act, and is fully compensable. See *Wilson v. PrimeSource Health Care of Ohio, Inc*., N.D.Ohio No.

The Employee's Attorney.™



1:16-CV-1298, 2017 WL 2869341, *8 (citing 85 *Chao v. Akron Insulation & Supply, Inc.*, 2005 WL 1075067, at *10 (N.D. Ohio May 5, 2005), aff'd, 184 Fed.Appx. 508 (6th Cir. 2006).

25. Defendants did not pay Arnold or those similarly-situated for Shop Work.

26. After performing Shop Work, Arnold and those similarly situated would travel in Preferred Insulation trucks to their daily assignments, which were often one or more hours away from Defendants' workshop ("Morning Driving Time").

27. The Morning Driving Time was compensable because it was all in a days work. *See* 29 C.F.R § 785.38 ("[w]here an employee is required to report at a meeting place to receive instructions or to perform other work there, or to pick up and to carry tools, the travel from the designated place to the work place is part of the day's work, and must be counted as hours worked regardless of contract, custom, or practice."); *Wilson*, 2017 WL 2869341, *7–8; *Chao*, 2005 WL 1075067, *10.

28. At times, Arnold and those similarly-situated would travel out of state to perform their job duties.

29. At all times referenced herein, the Preferred Insulation vehicles that Arnold and those similarly situated drove or travelled in had a gross vehicle weight of 10,000 pounds or less.

30. Upon completing a work assignment, Arnold and those similarly situated were required to return Defendants' trucks to Defendants' workshop, and to put away supplies ("End of Day Work.")

31. The End of Day Work typically took between thirty minutes and an hour to complete.

32. Defendants did not pay Arnold or those similarly-situated for End of Day Work.

33. Because Arnold and those similarly situated were performing work after driving back to Defendants' workshop, both the time spent driving from the work site to the shop and the End

The Employee's Attorney.™



of Day Work were compensable. 29 C.F.R § 785.38; *Wilson*, 2017 WL 2869341, *7–8; *Chao*, 2005 WL 1075067, *10.

34. Despite the clearly applicable requirements of the FLSA and Ohio Wage Law, Defendants only paid Arnold and those similarly situated $11.00 an hour for any travel that took more than an hour to complete one-way.

35. Only those employees who actually drove Defendants' vehicles were paid the $11.00 hourly rate; employees who rode along were not paid to travel.

36. Defendants only compensated Arnold and those similarly-situated on a piecework basis.

37. According to Preferred Insulation's employee handbook, compensation is by square foot, and is as follows:

    a.  Walls: Kraft Faced, 7 cents; Sound/Unfaced, 5 cents; Rim Joists, 7 cents

    b.  Ceilings: Kraft, 11 cents; Sound/Unfaced, 7 cents for certain heights, 10 cents for other heights

    c.  Blow (attic), 6 cents

    d.  Caulk & Foam, 1 cent (or more, depending on thickness of exterior wall)

    e.  Vents, 25 cents each

    f.  Poly or Plastic, 5 cents

    g.  Basement wrap, 8 cents

    h.  Foramboard, $6.00 a board

38. Defendants paid Arnold and those similarly-situated by having them complete "daily paperwork" for each job they performed.

39. The "daily paperwork" consisted of an individual daily pay sheet "listing the Installer's name, date, job, builder, and the amount of [insulation material] bags and totals."

6



40. In its employee handbook, Preferred Insulation states that "Government regulations require that we keep an accurate record of hours worked by employees. Each employee must stamp their time card in and out daily. All time cards must be turned in with your paperwork at the end of that workweek."

41. In reality, Defendants did not maintain time cards.

42. In reality, if Arnold or those similarly-situated reported their time worked on their "daily paperwork," it would be returned to them with the instruction that the time they worked should not be written down on the "daily paperwork" because they are paid "piecework."

43. On one or more occasions, Defendants told Arnold and those similarly-situated that they did not pay overtime because they pay their employees piecework.

44. Defendants do not pay overtime at a rate of one and one half the regular rate of pay for all hours worked over 40 in a given week; instead, Defendants pay "Extras or O.T." based on whether an employee completes a job for less than the "set price" of a given job.

45. "Extras or O.T." are not tied in any way to the regular rate of pay or the number of hours that were worked by Arnold or those similarly-situated, as they are instead tied to performance and efficiency rather than time worked.

46. Defendants are not entitled to an offset or credit for paying "Extras or O.T.," as such wages are properly considered as part of the regular rate of pay. *See* 29. C.F.R § 778.209.

47. Arnold and those similarly-situated regularly worked for Defendants between 55 and 80 hours each week.

48. From time to time, Defendants would make unlawful deductions from the pay of Arnold and those similarly-situated (such for damage to Defendants' property) that had the effect of dropping the regular rate of pay below the minimum wage (or further below the minimum



wage than it already was).

**FLSA COLLECTIVE ACTION ALLEGATIONS**

49. Arnold restate each and every prior paragraph of this Complaint, as if it were fully restated herein.

50. Arnold brings this as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of herself and all similarly situated individuals who are part of the following class:

> All individuals employed by Preferred Insulation who performed installation work, regardless of whether they were labelled as employee or a "subcontractor" or "independent contractor," and who were not paid for all hours worked, and/or overtime compensation at a rate of one and one half times their respective regular rates of pay for hours worked over forty (40) in a workweek at any time during three (3) years preceding the filing of this action.

These individuals are referred to as the "FLSA Class" or "FLSA Class Members."

51. Collective Action treatment of Plaintiff's FLSA claims is appropriate because Plaintiff and the FLSA Class have been subjected to the common business practices referenced, and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, whether Defendants' companywide practices fail to properly compensate the FLSA Class Members for all hours worked.

**COUNT I: VIOLATION OF THE FAIR LABOR STANDARDS ACT—FAILURE TO PAY OVERTIME COMPENSATION**

52. Arnold restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

53. During all times material to this Complaint, Defendants violated the FLSA with respect to the Arnold and the FLSA Class Members by, *inter alia*, failing to compensate them at one-and-one-half their regular rates of pay for any hours worked in excess of forty (40) hours per workweek.

The Employee's Attorney.™



54. During all times material to this Complaint, Arnold and the FLSA Class Members were not exempt from overtime compensation under the FLSA because, even though they were pieceworkers under the statute, Arnold and the FLSA Class Members are entitled to one-and-one half their respective regular rates for hours worked in excess of fort (40) hours per workweek.

55. During all times material to this complaint, Defendants knew that Arnold and the FLSA Class Members are not exempt from the overtime obligations imposed by the FLSA. Defendants also knew that they were required to pay Arnold and the FLSA Class Members overtime compensation at a rate of one and one-half their respective regular rates for hours worked in excess of forty (40) hours per workweek. Despite such knowledge, Defendants willfully withheld and failed to pay overtime compensation to which Arnold and the FLSA Class Members are entitled.

56. In violating the FLSA, Defendants acted willfully, without a good faith basis, and in reckless disregard of clearly applicable FLSA provisions.

57. As a direct and proximate cause of Defendants' conduct, pursuant to 29 U.S.C. § 216(b), Defendants are liable to Plaintiff and those similarly situated for the full amount of the required overtime obligations, an additional equal amount as liquidated damages as well as costs and reasonable attorney fees.

### COUNT II : VIOLATION OF THE OHIO WAGE ACT

58. Arnold restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

59. The Ohio Wage Act requires that covered employees be compensated for every hour worked in a workweek. *See* O.R.C. §§ 4111.01, et seq.

The Employee's Attorney.™



60. During all times material to this Complaint, Preferred Insulation was a covered employer required to comply with the Ohio Wage Act's mandates.

61. During all times material to this Complaint, Arnold was a covered employee entitled to individual protection of Ohio Wage Act.

62. Defendants violated the Ohio Wage Act with respect to Arnold by, *inter alia*, failing to compensate Plaintiff for all hours worked, failing to pay Arnold the minimum wage, and failing to pay Arnold overtime.

63. In violating the Ohio Wage Act, Defendants acted willfully, without a good faith basis and with reckless disregard of clearly applicable Ohio Wage Act provisions.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Nicole Arnold requests judgment against Defendants Preferred Insulation and Mike Behun and for an Order:

(a) Certifying a collective action pursuant to 29 U.S.C. § 216(b) consisting of all individuals employed by Preferred Insulation, Inc., who work or have worked as Installers, as described herein, and who were not paid for all hours worked, paid less than the minimum wage, and/or denied overtime, at any time during three (3) years preceding the filing of this action;

(b) Prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Class Members apprising them of the pendency of this action, and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

(c) Awarding to Arnold and the FLSA Class Members unpaid wages as to be determined at trial together with any liquidated damages allowed by FLSA;

(d) Awarding Arnold and the FLSA Class Members costs and disbursements and reasonable allowances for fees of counsel and experts, and reimbursement of expenses;

The Employee's Attorney.™



(e)  Awarding Arnold and the FLSA Class Members such other and further relief as the Court

deems just and proper;

(f)  An injunction prohibiting Preferred Insulation, Inc., from engaging in future violations of

the FLSA and the Ohio Wage Act; and

(g)  For a judgment against Defendants for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Boulevard, Suite 200
Beachwood, Ohio 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: chris.wido@spitzlawfirm.com

*Attorney For Plaintiff Nicole Arnold*



## JURY DEMAND

Plaintiff Nicole Arnold demands a trial by jury by the maximum number of jurors permitted.

*/s/ Chris P. Wido*
Chris P. Wido (0090441)
THE SPITZ LAW FIRM, LLC

The Employee's Attorney.™

